### 7186.   BROWN *v.* THE STATE.

BROYLES, J.   1.   The 1st, 2d, 3d, and 4th grounds of the amendment to the motion for a new trial are merely amplifications of the general grounds of the motion, and are therefore considered in connection with them.

2.   The alleged errors by the court in refusing to allow witnesses to answer, over objection, certain questions propounded to them can not be considered, as it does not appear that the trial court was informed as to what these witnesses were expected to answer.

3.   The assignment of error in the 6th ground of the motion for a new trial, to the effect that the instructions there set out, as to possession of the stolen cow, were unauthorized by the evidence, is without merit, as there was some evidence tending to show that the cow, shortly after the commission of the theft, was found in the possession of the defendant and his alleged accomplice.

4.   Another ground of the motion is as follows:   "Because the court erred in charging the jury, to wit; 'If the evidence in this case satisfies the jury, beyond a reasonable doubt, that the defendant Sam Brown, and Judge Kersey, both or either, or while acting in concert, on or about the day alleged in this bill of indictment, unlawfully, wrongfully, and fraudulently took and carried away, with intent to steal the same,' etc. Defendant contends that the words used by the court, to wit, 'both or either, or while acting in concert,' are calculated to mislead the jury; the jury may construe said language to mean either Sam Brown or Judge Kersey may be guilty without the other having any intent to steal." This charge, as pointed out, was calculated to mislead the jury, and, standing alone, would have required a new trial of the case.   This error,

however, in our opinion, was cured by the instructions in the charge which *immediately* followed the one complained of, to wit: "The defense set up by the defendant Sam Brown is that he did not steal the cow but that it was stolen by Judge Kersey, if stolen at all, and that his only part in the matter was to aid Judge Kersey in butchering the cow and transporting the carcass to market, and that he did so by reason of the fact that Judge Kersey had hired [him]. Now if that be true, you would not be authorized to convict him."

5. The evidence, though rather weak, authorized the verdict, and the court did not err in refusing to grant a new trial.

                     *Judgment affirmed.	Russell, C. J., absent.*

                    DECIDED APRIL 17, 1916.

Indictment for larceny of cattle; from Randolph superior court —Judge Worrill. December 4, 1915.

*R. Terry,* for plaintiff in error.

*B. T. Castellow,* solicitor-general, *R. R. Arnold,* contra.